Susan L. **PERRY,** Appellant,

v.

**TEXAS A & I UNIVERSITY and Eliseo Torres,** Appellees.

No. 13–86–446–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

William J. Kolb, Corpus Christi, for appellant.

Lou Bright, Asst. Atty. Gen., Austin, for appellees.

Before DORSEY, UTTER, and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This action for damages was brought by Susan L. Perry, a counselor at Texas A & I University, against the University and its president, Eliseo Torres, arising from the abolition of the position held by Ms. Perry and the refusal of Mr. Torres to refer the dispute to the administrative grievance procedures. Ms. Perry alleged that because of such actions her livelihood was taken from her and her position abolished without due process of law in violation of her rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution. The action was brought pursuant to Tex. Rev.Civ.Stat.Ann. art. 6252–26 (now codified as Tex.Civ.Prac. & Rems.Code Ann. § 104.002 (Vernon 1987)). The plaintiff alleged that former Article 6252–26 embodies legislative consent to the suit. She sought damages from both defendants jointly and severally. There were no pleadings for relief under 42 U.S.C. § 1983.

In their answer, the defendants moved to transfer venue, pled to the court's jurisdiction by alleging that both defendants were shielded from suit by sovereign immunity, and denied generally the allegations of plaintiff's original petition. The plea to the jurisdiction alleged that the University was an agency of the State of Texas, that an action against the University was indeed an

action against the State and was barred by the doctrine of sovereign immunity absent legislative authorization. The defendant Torres pled that he was immune from suit on two bases: that the action is against him in his "official" capacity and, as such, is in substance against the State of Texas, and that at all times he was acting within the course and scope of his employment as interim president of the University, and thus is protected by "individual" immunity and, as such, the plaintiff's claims against him are barred. After receiving briefs from the parties, the learned trial judge granted defendants' pleas to the jurisdiction and dismissed the action, from which Ms. Perry has perfected her appeal.

The motion to dismiss for want of jurisdiction, which was granted, addressed solely the immunity of the University as an agency of the government and the immunity of Dr. Torres. Therefore, the issues before us are restricted to the question of the application of the principles of governmental immunity to these defendants and not whether any cause of action for damages arises from the allegations of constitutional violations.

In addressing the issue of immunity from suit, it is critical to recognize that the action is one for damages and not one seeking injunctive relief for access to the grievance procedure by the plaintiff. In her action, the plaintiff seeks to hold the University, and through it the State of Texas, jointly and severally liable with Dr. Torres for monetary damages. Although both defendants maintain that they are entitled to the immunity from suit traditionally granted to the sovereign, each defendant's status requires a different analysis.

■ Texas A & I University is part of the State University System. Tex.Educ. Code Ann. §§ 104.01, 104.21 (Vernon Supp. 1987). Branches of the University of Texas and other state universities are agencies of the State and thus are entitled to the same governmental immunity from suit or liability as the State of Texas. E.g., *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976).

Appellant brings two arguments why the trial court's granting the plea to the jurisdiction is incorrect: that legislative consent to the suit has been granted by Article 6252–26, and that it is not necessary to obtain the consent of the sovereign to sue when the suit is to obtain redress for the deprivation of constitutional or property rights.

■ Section 104.002 of the Texas Civil Practices and Remedies Code (Vernon 1986), formerly Article 6252–26 provides:

The State is liable under this chapter only if the damages are based on an act or omission by the person in the course and scope of the person's office, employment, or contractual performance for or service on behalf of the agency, institution, or department and if:

\* \* \* \* \* \*

(2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this State or the United States, except when the court in its judgment or the jury in its verdict finds that the person acted in bad faith.

Further, Section 104.008 specifically states that this statute does not waive a defense, immunity, or jurisdictional bar to the State or its officers.

This section of the Code does not provide legislative consent to appellant's suit against the State. We agree with the Austin Court of Appeals in *Texas Employment Commission v. Camarena*, 710 S.W.2d 665 (Tex.App.—Austin, 1986, no writ), which held that the statute is primarily for the benefit of employees and officers of the State who have been held liable for damages. The statute specifically states that liability arises when the officer or employee is adjudged liable to the claimant. Tex. Civ.Prac. & Rems.Code Ann. § 104.001 (Vernon 1986). The statute is for the indemnification of employees and does not create a cause of action nor waive immunity to an action by one who was allegedly injured by the actions of an officer or employee of the State.

It is a settled proposition that a claimant may not maintain an action that seeks to control the action of the State or subject it to liability without legislative consent. *Director of the Department of Agriculture v. Printing Industries Association*, 600 S.W.2d 264 (Tex.1980); *Griffin v. Hawn*, 341 S.W.2d 151 (Tex.1960). Appellant urges that when a violation of constitutional or property rights is alleged, the courts have a right to review the acts of legislative and administrative bodies, citing *City of Houston v. Blackbird*, 394 S.W.2d 159, 162 (Tex.1965); and *Texas Employment Commission v. Camarena*, 710 S.W.2d at 671.

However, appellant does not seek a review of the acts of administrative or legislative bodies; rather, she seeks to impose liability and recover in monetary damage from the State. The plaintiff here has not alleged that she has a vested property right in a position at Texas A & I University, and that the University has denied her that right. Although when reviewing a case that was dismissed for want of jurisdiction, the appellate court presumes the truth of the allegations of the plaintiff's petition, *Brannon v. Pacific Employers Insurance Co.*, 224 S.W.2d 466 (Tex.1949); *Hachar v. Webb*, 563 S.W.2d 693 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.), where there are no allegations in the petition that could be construed as claiming that a vested property right was taken without compensation or due process, there can be no basis for this court finding one. We hold, therefore, that, because there was no pleading by the plaintiff to take her out of the general rule that the courts of the State of Texas have no jurisdiction to impose liability on the State without legislative consent, we sustain the judgment of the trial court as to Texas A & I University.

Next we examine the appellee's claim that Dr. Torres is immune from suit because he was acting in his official capacity as president of the University when he abolished her position without giving her access to the grievance procedure. The state argues that, as Dr. Torres was sued because he acted in his official capacity, this action is in essence one against the State and thus he is immune from suit, citing *Griffith v. Hawn*, 341 S.W.2d at 153 and *Cobb v. Harrington*, 190 S.W.2d 709, 712 (Tex.1945). However, in those cases, the plaintiffs sought judgments declaring that the actions by the state officers were unlawful and requested relief preventing the officials from acting unlawfully. In those cases, clearly, the plaintiffs sought to control the actions of the State by controlling the actions of the officers. The test of *Cobb v. Harrington* (if the officer's actions were unlawful, they are not those of the state, and thus, the action is not one against the state) goes to the question of *ultra vires* or *respondeat superior;* that is, that the agent cannot bind the principal by its actions unless they were done within the authority or scope of employment. If the principal, or employer, the State, is not bound by the actions of the agent or employee because those actions are outside the lawful mandate given the employee or agent, the case cannot be said to be one against the employer/principal/State. As we have already held that the State is immune from suit and liability absent its consent, we do not find the *Cobb v. Harrington* analysis helpful.

The action was also brought against Dr. Torres individually, and the plaintiff seeks to hold him jointly and severally liable with the State for damages. The issue is whether he is immune from suit because of his status as an official and that the cause of action arose because of his official activities on behalf of Texas A & I University. In other words, was Dr. Torres shielded from liability by virtue of his status as a state officer or employee? "Where the question concerns the liability of a governmental officer or employee, rather than the liability of the sovereign itself, the problem is one of official immunity, not of sovereign immunity. Whether public servants enjoy immunity from liability for their torts is a question distinct from that of the immunity of the sovereign itself." *Baker v. Story*, 621 S.W.2d 639, 643 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.). This official immunity, although of-

ten characterized as "qualified immunity" or "quasi-judicial immunity," is given to public officials as a defense when they are acting within the course and scope of their office, performing discretionary functions, and acting in good faith. *Anderson v. Higdon,* 695 S.W.2d 320 (Tex.Civ.App.— Waco, 1985, writ ref'd n.r.e.).

The defense of official immunity is characterized as an affirmative defense, *Austin v. Hale,* 711 S.W.2d 64 (Tex.App.— Waco 1986, no writ), and as such, the burden is on the one asserting the defense to plead and prove all elements. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–311 (Tex.1984).

In the instant case, no affidavits or other proof support Dr. Torres' "Plea to the Jurisdiction." Accordingly, we cannot say that Dr. Torres has established his defense of official immunity as a matter of law.

The judgment of the trial court as to Texas A & I University is AFFIRMED; the judgment as to Dr. Eliseo Torres is REVERSED AND REMANDED for trial.