Scott A. MURPHY, Appellant,

v.

GALVESTON COUNTY and Sheriff Joe Max Taylor, Appellees.

No. B14–89–00839–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 3, 1990.

Rehearing Denied May 24, 1990.

Robert D. McPherson, Houston, for appellant.

Scott Lyford, Donald S. Glywasky, Galveston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment in favor of defendants in a personal injury suit governed by the Texas Tort Claims Act. Texas Alcoholic Beverage Commission (TABC) agents arrested appellant, Scott A. Murphy, for public intoxication and transferred him to Galveston County Jail, where someone closed the door to his jail cell, amputating his left thumb. In response to appellees' claim that a TABC agent, not a county employee, closed the gate, appellant executed an affidavit stating that it was a Galveston County officer who had slammed the door on his hand. Appellees objected that the affidavit stated a legal conclusion, which described the agency relationship of the "officer" to Galveston County, rather than a statement of fact, and thus was not competent summary judgment evidence. They also objected to the form of an unsworn affidavit which appellant had obtained through dis-

covery. Striking appellant's allegations that a county employee had closed the door and excluding the unsworn affidavit from evidence, the trial court found no material issues of fact in dispute, and granted summary judgment for appellees. We affirm the summary judgment as to Sheriff Joe Max Taylor and reverse as to Galveston County.

■ In the county's motion for summary judgment, it alleged that appellant's injury was "the result of his own acts and those of an agent of the State of Texas, not Galveston County." This was not inconsistent with appellant's first affidavit, taken while still in police custody, in which he stated:

> I was in the Back 3 Gate holding area when officer Robert McGee of (TABC) came threw [sic] the gate. I had my left hand on the door hinge and when the door shut my left hand was caught in the door hinge.

However, appellant contradicted the county's explanation of the incident with his second affidavit by stating:

> A *Galveston County official* negligently closed the jail cell door on my hand. No warning was given prior to closing the door on my hand and the *Galveston County officer* closing the door did not look to see if the opening was clear before slamming the door shut on my hand. My thumb was severed by the gate hinge. (emphasis added.)

Affidavits must set forth facts rather than legal conclusions. *Woods v. Applemack Enterprises, Inc.*, 729 S.W.2d 328, 330 (Tex.App.—Houston [14th Dist.] 1987, no writ). Therefore, the county contends, without specific facts such as a description of the uniform worn by the person who closed the door on his hand, appellant's statement that the person was a Galveston County officer merely asserts a legal relationship of employer/employee, or principal and agent. We disagree. In the context of a summary judgment, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.

1985). In our opinion, appellant was not analyzing or interpreting the person's legal status in regard to his employer. He might have drawn a *factual* conclusion that the person was a Galveston officer, but his statement was sufficient to raise a material issue of fact as to whether a Galveston County employee shut the door on his hand.

■ The Texas Tort Claims Act creates certain exceptions to the doctrine of sovereign immunity, which otherwise would preclude a suit against the State without its consent. For example, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 provides, in pertinent part:

> A governmental unit in the state is liable for:
>
> (2) personal injury ... so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

(Vernon 1986). Appellant's second affidavit alleges facts which, if true, would support a finding that the Galveston officer was negligent. Therefore, the trial court erred in granting summary judgment for the county. We sustain appellant's point of error regarding the county.

■ However, the question of the sheriff's liability involves a different issue. Whether a public servant enjoys immunity from tort liability is a question of official immunity. *Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 109 (Tex.Civ.App.—Corpus Christi 1987, writ ref'd n.r.e.). An affirmative defense which the sheriff pled in the trial court, official immunity applies to public officials "when they are acting within the course and scope of their office, performing discretionary functions, and acting in good faith." *Id.* at 110. Appellee has failed to assert any ground of error regarding an exception to the sheriff's defense of official immunity, and he waived error by not properly challenging the correctness of the summary judgment in favor of the sheriff. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990); *Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex.1986).

We affirm the summary judgment in favor of Sheriff Joe Max Taylor, and we reverse the summary judgment in favor of Galveston County and remand the case for a trial on the merits.