# NO. 12-09-00392-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *YAKOV ELMAKISS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *HONORABLE RANDALL L.*<br>*ROGERS, SMITH COUNTY, RUTH M.*<br>*ELMAKISS AND TYLER CSE UNIT,*<br>*APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Yakov Elmakiss, appearing pro se, appeals three orders signed by the trial court granting the plea to the jurisdiction filed by the Tyler Child Support Enforcement Unit of the Attorney General of Texas, the motion for summary judgment filed by the Honorable Randall L. Rogers and Smith County, and the traditional and no evidence motion for summary judgment filed by Ruth M. Elmakiss. On appeal, Appellant presents three issues. We affirm.

## BACKGROUND

On July 31, 2006, the Honorable Randall L. Rogers, presiding judge of the County Court at Law No. 2, signed a final decree of divorce between Yakov Elmakiss and Appellee Ruth M. Elmakiss. Yakov appealed the judgment to this court. On June 11, 2008, we affirmed the judgment regarding conservatorship, and possession of and access to the minor child, but reversed and remanded on the issues of child support and reimbursement.[1] On December 15, 2008, Yakov filed suit against Judge Rogers; Smith County, Texas; Ruth; and Ruth's attorney,

---

[1] *See Elmakiss v. Elmakiss*, No. 12-06-00405-CV, 2008 WL 2358221, at *14 (Tex. App.–Tyler June 11, 2008, no pet.) (mem. op).

Karen G. Hughes.[2] Later, he added the Tyler Child Support Enforcement Unit of the Attorney General of Texas (the "CSE") as a defendant.

In his suit, Yakov alleged that Ruth and Judge Rogers forced him to conduct visitation with his minor child in a place and at a time contrary to his religious beliefs and practices, violating Section 110.003 of the Texas Civil Practice and Remedies Code. Further, he alleged that Judge Rogers discriminated against him by issuing a capias for his arrest that described him as "White/Jewish," and by refusing to release his passport in violation of federal and state law. Yakov also alleged that Judge Rogers denied him a jury trial in the divorce case, denied him the right to timely discovery, sent him to jail to prevent him from appealing the divorce case, and falsified facts in the final decree of divorce. He also made several allegations against Ruth involving their divorce, relating in part to the loss of property and marital assets and his inability to remove personal property from the marital home before it was sold. Finally, he alleged that the CSE violated the Texas Civil Practice and Remedies Code by sending fraudulent claims through the post office, unlawfully threatening him, and failing since 2005, as an officer of the court, to perform its duties under state statute.

Yakov requested that Judge Rogers and "Smith County Courts" be enjoined, pursuant to Section 110.005(a)(2) of the Texas Religious Freedom Restoration Act, from discriminating against him or others, and from making "any further acts in [the] case." He also requested that Judge Rogers release his passport and dismiss all current capiases or writs of commitment against him. Yakov requested further that the CSE be enjoined from any acts against him, and asked for damages against Ruth, Judge Rogers, and Smith County. Ruth filed a traditional and no evidence motion for summary judgment, arguing that Section 110.003(a) of the Texas Civil Practice and Remedies Code did not apply to her, and that Yakov's other claims against her were barred by res judicata. Judge Rogers and Smith County filed a traditional motion for summary judgment, arguing that the trial court was without jurisdiction because of sovereign, judicial, and official immunity, and that Yakov's claims were barred by res judicata and collateral estoppel. Further, the CSE filed a plea to the jurisdiction, contending that because Yakov failed to demonstrate a valid waiver of sovereign immunity, the trial court was without jurisdiction.

---

[2] We affirmed the order granting Hughes's motion for summary judgment. *See* **Elmakiss v. Hughes**, No. 12-09-00269-CV, 2010 WL 2982922, at *5 (Tex. App.–Tyler July 30, 2010, pet. denied) (mem. op.).

Yakov did not respond to any of the motions for summary judgment, but filed a response to the CSE's plea to the jurisdiction.

After a hearing, the trial court granted Ruth's traditional and no evidence motions for summary judgment. Further, the trial court granted Judge Rogers and Smith County's motion for summary judgment and the CSE's plea to the jurisdiction. It also dismissed Yakov's claims against Judge Rogers, Smith County, and the CSE with prejudice. This appeal followed.

### CLAIMS AGAINST THE CSE

In his first issue, Yakov argues that the trial court abused its discretion by granting the CSE's plea to the jurisdiction, and dismissing his claims against the CSE for lack of jurisdiction.

### Applicable Law

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Gibson v. Dynegy Midstream Svcs., L.P.*, 138 S.W.3d 518, 522 (Tex. App.–Fort Worth 2004, no pet.). Whether the trial court had subject matter jurisdiction is a question of law that we review de novo. *Id*. Dismissing a cause of action for lack of jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Harris Cnty. v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 553 (Tex. App.–Houston [14th Dist.] 2001, no pet.). In deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.–Austin 1994, writ denied). We must determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id*.

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Sovereign immunity includes two distinct principles: immunity from suit, and immunity from liability. *Id*. Immunity from suit bars a suit against the state unless immunity is waived by constitutional provision or legislative enactment. *Gomez v. Housing Auth. of the City of El*

3

*Paso*, 148 S.W.3d 471, 477 (Tex. App.–El Paso 2004, pet. denied) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003)). Absent consent, the state retains immunity from suit even if its liability is undisputed. *Federal Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 459 (Tex. 1997), *superseded on other grounds by* TEX. GOV'T CODE §§ 2260.001-.008. According to Section 231.109 of the Texas Family Code, an attorney employed to provide Title IV-D services represents the interests of the state and not the interest of any other party. TEX. FAM. CODE ANN. § 231.109(d) (West 2008). The Office of the Attorney General is designated as the state's Title IV-D agency. *See* TEX. FAM. CODE ANN. § 231.001 (West 2008).

<u>Analysis</u>

In its plea to the jurisdiction, the CSE asserted four grounds for its contention that the trial court was without subject matter jurisdiction of Yakov's suit against it. One ground was that Yakov failed to demonstrate a maintainable action for injunctive relief, and failed to prove a probable right to recovery to obtain injunctive relief. Another ground was that a court other than the trial court had continuing exclusive jurisdiction over the child support matters in the case. Because Yakov's claims against the CSE were dismissed for want of jurisdiction, he must, on appeal, attack all independent grounds that could, if meritorious, support the adverse trial ruling. *See Fox v. Maguire*, 224 S.W.3d 304, 307 (Tex. App.–El Paso 2005, pet. denied). Unless he does so, we must affirm the order granting the plea to the jurisdiction. *See id*. Here, Yakov failed to challenge the grounds identified above that were alleged by the CSE in its plea to the jurisdiction. Therefore, the trial court did not err in granting the CSE's plea to the jurisdiction and dismissing Yakov's claims against the CSE.

But even if we assume that the grounds Yakov addressed in his response were the only grounds alleged by the CSE in its plea to the jurisdiction, the result would not change. In addition to the above allegations, the CSE asserted that it has sovereign immunity from suit, that Yakov failed to allege a valid waiver of immunity, and that the Tort Claims Act's waiver of immunity does not apply to intentional torts such as fraud. The CSE also asserted that Yakov did not allege any specific cause of action that would encompass "unlawful threats," contending that such actions appear to be intentional torts and also subject to sovereign immunity. Further, the CSE stated that Yakov did not allege any statute with which it failed to comply or facts that would comprise a cause of action. Yakov has not shown that any of these grounds lack merit.

4

First, we note that, by its terms, the Texas Tort Claims Act grants a limited waiver of immunity for wrongful acts, omissions, or negligence of an employee acting within the scope of his employment if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (West 2011). Yakov did not make any claim for damages caused by an employee of the CSE for property damage, personal injury, or death arising from the operation or use of a motor vehicle. Further, the Act does not apply to a claim arising out of an intentional tort, such as fraud or "unlawful threats." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (West 2011).

However, Yakov asserted that Chapter 12 of the Texas Civil Practice and Remedies Code provided a cause of action for fraud committed by the CSE. Chapter 12 forbids the fraudulent use of a document or other record to evidence a lien or claim against real or personal property with the intent to cause another to suffer physical injury, financial injury, mental anguish, or emotional distress. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West Supp. 2010). This chapter does not address sovereign immunity or allow a suit against a state agency. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.003(a) (West Supp. 2010); TEX. CIV. PRAC. & REM. CODE ANN. § 12.001-.007 (West 2002 & Supp. 2010). Consequently, we conclude that the CSE's sovereign immunity from a suit for fraud or any other intentional tort has not been waived under the Texas Tort Claims Act or Chapter 12.

Further, Yakov asserts that Chapters 104 and 105 of the Texas Civil Practice and Remedies Code created a cause of action against the CSE, specifically for failure to perform its duties under state statute as an officer of the court. Chapter 104 provides that the state shall indemnify an employee or any other officer of a state agency, institution, or department for actual damages, court costs, and attorney's fees adjudged against them. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 104.001(1) (West 2011). However, Chapter 104 does not provide a waiver of sovereign immunity or create a cause of action against the CSE. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 104.008 (West 2011) (stating that this "chapter does not waive a defense, immunity, or jurisdictional bar available to the state or its officers, employees, or contractors"); ***Perry v. Tex. A & I Univ.***, 737 S.W.2d 106, 108 (Tex. App.–Corpus Christi 1987, writ ref'd n.r.e.).

5

Chapter 105 of the Texas Civil Practice and Remedies Code provides that a party to a suit by or against a state agency in which the state agency asserts a cause of action against the party is entitled to recover fees, expenses, and attorney's fees if the court finds that the action is frivolous, unreasonable, or without foundation, and the action is dismissed or judgment is awarded to the party.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 105.002 (West 2011).  The requisite cause of action by the state agency may have been asserted either originally or as a counterclaim or cross claim.  *See id*.; ***In re B.N.A.***, 278 S.W.3d 530, 535 (Tex. App.–Dallas 2009, no pet.).  In this suit, Yakov did not allege that the CSE asserted a cause of action against him.  Nor has a court found that the CSE asserted a cause of action against Yakov that was frivolous, unreasonable, or without foundation, and dismissed an action or awarded judgment to Yakov.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 105.002.  Consequently, Chapter 105 does not provide Yakov with a cause of action against the CSE.

Yakov also contends here that the CSE lacks "constitutional legitimacy."  He asserts that because Article I, Section 32(b) of the Texas Constitution prohibits the state from "creat[ing] or recogniz[ing] any legal status identical or similar to marriage," the state and its political subdivisions are prohibited from recognizing marriages.  *See* TEX. CONST. art. I, § 32(b). Thus, according to Yakov, the state and its political subdivisions lack jurisdiction to act on petitions for divorce or order child support.  Yakov never complained to the trial court by a request, objection, or motion regarding this issue and, thus, has waived it on appeal.  *See* TEX. R. APP. P. 33.1(a)(1).

Yakov's first issue is overruled.

### CLAIMS AGAINST JUDGE ROGERS AND SMITH COUNTY

In his second issue, Yakov contends that the trial court erred by granting Judge Rogers and Smith County's motion for summary judgment.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo.  ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007).  In reviewing a traditional motion for summary judgment,[3] we apply the standards established in ***Nixon v. Mr.***

---

[3] *See* TEX. R. CIV. P. 166a(c).

*Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985), which are (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See id***.** at 548-49. For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant who moves for summary judgment must either negate at least one essential element of the nonmovant's cause of action, or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *see also **MMP, Ltd. v. Jones***, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is presented. *See* TEX. R. CIV. P. 166a(c).

Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g.*, *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

**Applicable Law**

In courts of law, a claimant generally cannot pursue one remedy to an unfavorable conclusion and then pursue the same remedy in another proceeding before the same or a different tribunal. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *Id*.; *see Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.

7

1992). Thus, a party may not pursue a claim determined by the final judgment of a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties. *Igal*, 250 S.W.3d at 86; *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex.1979).

Where, as here, the first suit was decided in federal court, federal law controls the determination of whether res judicata will bar a later state court proceeding. *See Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990); *Jeanes v. Henderson*, 688 SW.2d 100, 103 (Tex. 1985). Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *In re Southmark Corp.*,163 F.3d 925, 934 (5th Cir. 1999). Under federal law, the doctrine of res judicata will apply if (1) the parties are identical in both suits; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases. *Eagle Props., Ltd*., 807 S.W.2d at 718. In determining whether the actions involved the same claim or the same cause of action, the Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments, Section 24. *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984). Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055, 126 S.Ct. 1662, 164 L.Ed.2d 397 (2006). Thus, the fourth element is met if the two actions are based on "the same nucleus of operative facts." *In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

If a movant seeking summary judgment conclusively establishes that the action is barred by res judicata, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of that affirmative defense. *See Motient Corp. v. Dondero*, 269 S.W.3d 78, 82 (Tex. App.–Dallas 2008, no pet.); *see also KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

**Analysis**

Although Judge Rogers and Smith County filed a joint motion for summary judgment, we will review the motion separately for each defendant.

*Judge Rogers*

In his motion for summary judgment, Judge Rogers asserted that Yakov's claims were barred by the affirmative defense of res judicata. As summary judgment proof, Judge Rogers attached a copy of Yakov's federal complaint filed on March 22, 2007, in the District Court for the Eastern District of Texas, Tyler Division, against Ruth; Ruth's mother, Elabell Holmes; Ruth's attorney, Karen G. Hughes; Yakov's attorney, Mitchell Collins; Judge Rogers; the State of Texas; and Bullard Independent School District.[4] Judge Rogers also attached a copy of a final judgment entered on January 22, 2008, in the United States District Court. The district court adopted the report and recommendation of the magistrate judge, and ordered that Judge Rogers' motion to dismiss be granted.[5] Further, he attached a copy of the United States Court of Appeals for the Fifth Circuit's per curiam opinion affirming the district court's judgment.[6]

First, Judge Rogers showed that Yakov filed suit against him in the previous federal suit and this state court action. Thus, the parties in both suits are identical. Second, in the federal suit, the magistrate characterized Yakov's claims against Judge Rogers as being alleged civil rights violations and conspiracies.[7] *See* 42 U.S.C. § 1983 (2011).[8] Thus, the federal district court was a court of competent jurisdiction over all of the claims raised in Yakov's federal suit against Judge Rogers. *See* 28 U.S.C. § 1331 (2011) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Third, the federal district court's order of dismissal constitutes a final judgment on the merits. Under

---

[4] *See* General Civil Rights Complaint, ***Yakov Elmakiss v. Ruth Marie Elmakiss***, Civil Action No. 6:07-CV-136 (E.D. Tex. March 22, 2007).

[5] *See* Final Judgment, ***Yakov Elmakiss v. Ruth Marie Elmakiss***, Civil Action No. 6:07-CV-136 (E.D. Tex. January 22, 2008).

[6] *See **Elmakiss v. Elmakiss***, 289 F. App'x 827, 827 (5th Cir. 2008).

[7] *See* Report and Recommendation of United States Magistrate Judge, ***Yakov Elmakiss v. Ruth Marie Elmakiss***, Civil Action No. 6:07-CV-136 (E.D. Tex. August 17, 2007).

[8] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (2011).

federal law, a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is considered a judgment on the merits to which res judicata applies. *See* ***Federated Dept. Stores, Inc. v. Moitie***, 452 U.S. 394, 399 n.3, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). Here, the district court ordered that Yakov's claims against Judge Rogers be dismissed pursuant to the magistrate's recommendation that Judge Rogers's Rule 12(b)(6) motion to dismiss be granted.

Finally, both suits were based on the same facts and involve the same cause of action, i.e., complaints about Judge Rogers's actions in Yakov and Ruth's divorce proceeding. According to the federal complaint, Yakov alleged that Judge Rogers committed acts that violated his civil rights, including denying him a jury trial, denying him the right to timely discovery, ordering visitations with his minor child in an environment contrary to his religious beliefs and practices, ordering child support and medical insurance that constituted "cruel and unusual punishment," and issuing a capias and writ of commitment that identified him as "White/Jewish." Yakov raised these same issues in his suit in state court. The only claims raised in Yakov's present suit that were not raised and disposed of in his federal complaint were that Judge Rogers refused to release his passport, sent him to jail to prevent him from appealing his case, and falsified facts in the divorce decree. These claims, and those claims raised in the federal complaint, are based on the same "nucleus of operative facts," i.e., Judge Rogers's actions in Yakov and Ruth's divorce proceeding. *See* ***In re Baudoin***, 981 F.2d at 743.

Thus, Judge Rogers established, as a matter of law, that Yakov's claims against him are barred by res judicata. To avoid summary judgment, Yakov must adduce proof raising a fact issue in avoidance of that affirmative defense. *See* ***Motient Corp.***, 269 S.W.3d at 82. Yakov did not file a response to Judge Roger's motion for summary judgment. Consequently, he did not adduce summary judgment proof raising a fact issue in avoidance of res judicata.

*Smith County*

In its motion for summary judgment, Smith County asserted that Yakov failed to plead facts that demonstrated a valid waiver of sovereign immunity.[9] In his suit against Smith County,

---

[9] Although the concepts of sovereign and governmental immunity are distinct, the Texas Supreme Court has recognized that courts often use these terms interchangeably. *See* ***Wichita Falls State Hosp.***, 106 S.W.3d at 694 n.3. We, too, will refer to both as sovereign immunity.

Yakov was required to allege facts that affirmatively demonstrated a valid waiver of sovereign immunity. *See **Dallas Area Rapid Transit v. Whitley***, 104 S.W.3d 540, 542 (Tex. 2003). Yakov's petition did not allege any facts or causes of action against Smith County, but includes a request that "Smith County Courts" be enjoined from discriminating against him. This request for injunctive relief does not include any factual allegations to demonstrate a waiver of sovereign immunity by Smith County. Thus, Smith County showed that Yakov failed to allege facts that demonstrated a valid waiver of sovereign immunity. Because Smith County established a right to summary judgment, Yakov was required to respond and present to the trial court any issues that would preclude summary judgment. *See, e.g.*, ***City of Houston***, 589 S.W.2d at 678-79. He failed to do so.

Finally, on appeal, Yakov also contends that Judge Rogers and Smith County lack "constitutional authority." He asserts that because Article I, Section 32(b) of the Texas Constitution prohibits the state from "creat[ing] or recogniz[ing] any legal status identical or similar to marriage," the state and its political subdivisions are prohibited from recognizing marriages. *See* TEX. CONST. art. I, § 32(b). Thus, according to Yakov, the state and its political subdivisions lack jurisdiction to act on petitions for divorce. Yakov never complained to the trial court by a request, objection, or motion regarding this issue and, thus, has waived it on appeal. *See* TEX. R. APP. P. 33.1(a)(1).

## Conclusion

Judge Rogers established, as a matter of law, that Yakov's claims against him were barred by res judicata. Further, Smith County established, as a matter of law, that Yakov failed to allege a valid waiver of sovereign immunity against it. Therefore, Judge Rogers and Smith County were entitled to summary judgment as a matter of law, and the trial court did not err in granting their motion for summary judgment. Accordingly, we overrule Yakov's second issue.

### CLAIMS AGAINST RUTH ELMAKISS

In his third issue, Yakov argues that the trial court erred in granting Ruth's traditional and no evidence motions for summary judgment.

## Standard of Review

11

When a party moves for both a no evidence and a traditional summary judgment, we first review the trial court's summary judgment under the no evidence standard of Rule 166a(i). ***Ford Motor Co. v. Ridgway***, 135 S.W.3d 598, 600 (Tex. 2004). If the no evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See **id**.* Because the grant of a summary judgment is a question of law, we review the trial court's summary judgment decision de novo. ***Valence Operating Co. v. Dorsett***, 164 S.W.3d 656, 661 (Tex. 2005). A no evidence motion for summary judgment must be granted if, after an adequate time for discovery, (1) the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial, and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See* TEX. R. CIV. P. 166a(i); ***Priddy v. Rawson***, 282 S.W.3d 588, 593 (Tex. App.–Houston [14th Dist.] 2009, pet. denied).

A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See **King Ranch, Inc. v. Chapman***, 118 S.W.3d 742, 751 (Tex. 2003). If the evidence supporting a finding rises to a level that would enable reasonable and fair minded people to differ in their conclusions, then more than a scintilla of evidence exists. ***Id**.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See **id**.*

## Applicable Law

Section 110.003(a) provides that "a government agency may not substantially burden a person's free exercise of religion." TEX. CIV. PRAC. & REM. CODE ANN. § 110.003(a) (West 2011). However, a "person may not bring an action for damages or declaratory or injunctive relief against an individual, other than an action brought against an individual acting in the individual's official capacity as an officer of a government agency." TEX. CIV. PRAC. & REM. CODE ANN. § 110.005(d) (West 2011).

"Pleadings may contain judicial admissions through which a party pleads himself out of court." ***Denson v. Tex. Dep't Crim. Justice-Institutional Div.***, No. 12-02-00099-CV, 2003 WL 21254862, at *3 (Tex. App.—Tyler May 30, 2003, no pet.) (mem. op.) (citing ***Gerstacker v.***

***Blum Consulting Eng'rs, Inc***., 884 S.W.2d 845, 850 (Tex. App.–Dallas 1994, writ denied). Summary judgment is proper when the plaintiff pleads facts that affirmatively negate his cause of action. ***Id.***

<u>Analysis</u>

In her no evidence motion for summary judgment, Ruth asserted the affirmative defense of res judicata as a bar to Yakov's claims. A defendant has the burden to plead and prove all elements of an affirmative defense. ***Commint Technical Servs., Inc. v. Quickel***, 314 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The party with the burden of proof may never properly file a no evidence motion for summary judgment on an affirmative defense. *See* Judge David Hittner & Lynne Liberato, ***Summary Judgments in Texas***, 47 S. TEX. L. REV. 409, 415 (Spring 2006). Because Ruth had the burden of proof regarding res judicata, her no evidence motion for summary judgment was improper, and the trial court erred in granting it.

However, Ruth also filed a traditional motion for summary judgment, alleging that she was entitled to summary judgment as a matter of law. As summary judgment proof, Ruth attached a copy of the report and recommendation of the United States Magistrate Judge entered on August 17, 2007.[10] She also attached a copy of an order entered on September 12, 2007, in the United States District Court, adopting the report of the magistrate judge and ordering that Ruth's motion to dismiss be granted.[11]

First, Ruth asserted the affirmative defense of res judicata as a bar to Yakov's property claims. Here, Ruth showed that Yakov filed suit against her in the previous federal suit and this state court action. Thus, the parties in both suits are identical. Next, in the federal suit, the magistrate characterized Yakov's federal claims against Ruth as being alleged civil rights violations and conspiracies. *See* 42 U.S.C. § 1983. Thus, the federal district court was a court of competent jurisdiction over all of the claims raised in Yakov's federal suit against Ruth. *See* 28 U.S.C. § 1331. Further, the federal district court's order of dismissal constitutes a final judgment on the merits because Ruth's claims were dismissed pursuant to the magistrate's

---

[10] *See* Report and Recommendation of United States Magistrate Judge, ***Yakov Elmakiss v. Ruth Marie Elmakiss***, Civil Action No. 6:07-CV-136 (E.D. Tex. August 17, 2007).

[11] *See* Order Adopting Report and Recommendation of United States Magistrate Judge, ***Yakov Elmakiss v. Ruth Marie Elmakiss***, Civil Action No. 6:07-CV-136 (E.D. Tex. September 12, 2007).

13

recommendation that her Rule 12(b)(6) motion to dismiss be granted. *See Federated Dept. Stores, Inc.*, 452 U.S. at 399 n.3, 101 S.Ct. at 2428.

Finally, both suits were based on the same facts and involve the same cause of action, i.e., Yakov and Ruth's divorce. According to the federal complaint, Yakov alleged that Ruth committed acts that violated his civil rights, including denying him the right to timely discovery, ordering visitations with his minor child in an environment contrary to his religious beliefs and practices, ordering child support and medical insurance that constituted "cruel and unusual punishment," and issuing a capias and writ of commitment that identified him as "White/Jewish." As to these issues, the federal and state suits involve the same causes of action. The only claims raised in Yakov's present suit that were not raised and disposed of in his federal complaint were allegations that Ruth helped send him to jail to prevent him from appealing his case, falsified facts in the divorce decree, caused him a loss of property and marital assets, and prevented him from removing personal property from the marital home before it was sold. These claims, like those claims raised in the federal complaint, are based on the same "nucleus of operative facts" arising out of Yakov's divorce. *See In re Baudoin*, 981 F.2d at 743. Therefore, Ruth established, as a matter of law, that these claims are barred by res judicata.

To avoid summary judgment, Yakov must adduce proof raising a fact issue in avoidance of that affirmative defense. *See Motient Corp.*, 269 S.W.3d at 82. Yakov did not file a response to Ruth's motion for summary judgment. Consequently, he did not adduce summary judgment proof raising a fact issue in avoidance of res judicata.

Second, in her motion for summary judgment, Ruth asserted that she is not subject to liability under Section 110.003 of the Texas Civil Practice and Remedies Code. In his complaint, Yakov alleged that Ruth forced him to conduct visitation with his minor child in a place and time contrary to his religious beliefs and practices in violation of Section 110.003. We note that Yakov alleged in his pleadings that Ruth was "an individual." Because the statute proscribes an action for damages against an individual, other than an action brought against an individual acting in the individual's official capacity as an officer of a governmental agency, his pleadings affirmatively negated a cause of action under Section 110.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 110.005(d); *see also Denson*, 2003 WL 21254862, at *3 (summary judgment proper where plaintiff pleads facts that affirmatively negate cause of action).

14

Therefore, Ruth was entitled to summary judgment as a matter of law, and the trial court did not err in granting her motion for summary judgment. Accordingly, Yakov's third issue is overruled.

## DISPOSITION

Having overruled Yakov's three issues in this appeal, the judgment of the trial court is *affirmed*.

### BRIAN HOYLE
Justice

Opinion delivered August 24, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)
