**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2012

Lyle W. Cayce
Clerk

No. 10-41193
Summary Calendar

DARYL L. DAVIS,

Plaintiff-Appellant

v.

MICHAEL R. MCDUFFIE,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:07-CV-19

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury found that Michael R. McDuffie violated the constitutional rights of Daryl L. Davis, Texas prisoner # 802738, and awarded Davis compensatory and punitive damages. Davis appeals the district court's denial of his postjudgment motion for a writ of execution to order the State of Texas to pay the damage award on behalf of McDuffie, its employee. Assuming arguendo that Davis may appeal the denial of such a motion, he is not entitled to relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41193

On appeal, Davis asserts that the Texas Safe Prisons Plan, enacted to protect vulnerable prisoners from assaults by other prisoners or guards, constituted a waiver of the State's sovereign immunity because the plan does not state that it does *not* waive the State's defenses and immunities and because it refers to statutes such as 42 U.S.C. 1983, which invites prisoners to file suits. Because Davis did not raise this theory of relief in the district court, we need not address it on appeal. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Moreover, the Safe Prisons Plan does not waive sovereign immunity because it does not expressly and unequivocally state that such a waiver has occurred. *Sossamon v. Texas*, 131 S. Ct. 1651, 1661 (2011).

Davis also asserts that he may obtain payment from the State pursuant to §§ 104.001-104.003 of the Texas Civil Practices and Remedies Code, which deal with the indemnification of state employees. Chapter 104 of the Code does not waive the defenses and immunities available to the State of Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 104.008; *Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 108 (Tex. App. 1987). Although Davis did not bring a cause of action against the State and obtained judgment against McDuffie, his request that the State be ordered to pay the judgment is in the nature of asking that the State be held jointly and severally liable with McDuffie, which the indemnification statutes do not authorize. *See Perry*, 737 S.W.2d at 108. The indemnification statutes exist "primarily for the benefit of employees and offices of the State," not for the benefit of civil rights plaintiffs. *Id.* Thus, the district court did not err in concluding that the Texas indemnification statues did not authorize Davis to obtain a writ of execution against the State for the money judgment awarded against McDuffie. Consequently, the judgment of the district court is AFFIRMED.