**COMMINT TECHNICAL SERVICES, INC. and Keith Kelly, Appellants,**

v.

**Gene QUICKEL and Nevoda Star, LLC, Appellees.**

**No. 14–09–00616–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 3, 2010.

Hugh L. McKenney, Houston, for appellants.

Karen Ensley, Darrell Wayne Smith, Dallas, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and CHRISTOPHER.

## OPINION

JOHN S. ANDERSON, Justice.

Appellants, Commint Technical Services, Inc. and Keith Kelly (Commint), appeal the trial court's granting of a summary judgment in favor of appellees, Gene Quickel and Nevoda Star, LLC. We affirm as to Quickel and reverse and remand as to Nevoda Star.

FACTUAL AND PROCEDURAL BACKGROUND

Quickel was employed by Commint from July 2005 through January 2007. Commint markets specialized computer software to various businesses and industries. Commint hired Quickel to provide installation of the specialized computerized software and onsite training and support. Commint claims that, pursuant to Quickel's employment agreement, he was required to work exclusively for Commint. Additionally, Quickel executed non-compete agreements and confidentiality agreements.

Sometime in 2006, Commint decided to market a new line of a software called "Clarity". To market the Clarity software, Commint was required to have a certified technician to install and conduct training on the new product. Commint asked Quickel to complete the three-week training course in July 2006. Quickel agreed to attend the training course as long as Commint agreed to pay him a training fee of $5,000, in addition to travel expenses in the amount of $4,700. Quickel attended the training course and obtained the certification, but claimed Commint failed to pay him the $9,700 per their agreement. Quickel avers that he terminated his employment in January 2007 and subsequently opened his own software sales and training business, Nevoda Star. Commint claims Quickel began operating Nevoda Star while still employed with Commint and that, as a result, Commint terminated Quickel's employment.

On December 26, 2007, Quickel filed suit in Collin County, Texas against Commint and Commint's president Keith Kelly, alleging breach of contract, quantum meruit, and defamation. The breach of contract claim and quantum meruit claim both arose from Commint's alleged failure to pay Quickel for the Clarity training. The defamation claim alleged Commint and Keith Kelly published false statements to current and prospective clients of Quickel's new business, Nevoda Star. Commint and Keith Kelly were served with citation in the Collin County lawsuit on January 14, 2008.

On January 16, 2008, two days after being served, Commint filed suit in Harris County against Quickel, Nevoda Star, and Carol Meeking.[1] Commint alleged six different causes of action against Quickel and Nevoda Star, including: breach of contract; fraud; theft and conversion of trade secrets, proprietary information, and confidential information; disparagement and diversion of business; slander and libel; and conspiracy. All of Commint's claims arise from Quickel's departure from Commint and the development of his new business, Nevoda Star.

The Collin County suit filed by Quickel proceeded to trial on October 9, 2008. A final judgment was signed in favor of Quickel.[2] No appeal was taken from the Collin County final judgment.

Back in Harris County, Quickel and Nevoda Star filed a traditional motion for

---

1. Carol Meeking is a former employee of Commint. She left Commint and began working at Nevoda Star with Quickel. Meeking was never served with the Harris County suit and all claims against her have been severed from this cause of action.

2. There is some dispute about whether there were two different final judgments signed and which one controls. The only meaningful difference between the two judgments is that the later signed judgment awards a take nothing judgment to Quickel against Commint, on Quickel's claims of defamation "and that such claims are denied in their entirety." The earlier signed judgment does not explain upon which cause of action Quickel was to recover; although, it was presumably the breach of contract claim, as the amount awarded matched the amount of damages sought for the breach of contract.

summary judgment on February 6, 2009. The basis of the motion was that Commint's claims were compulsory counterclaims that Commint should have asserted in the Collin County suit and are therefore barred under the compulsory counterclaim rule and the doctrine of res judicata. Commint filed a response and objections to Quickel and Nevoda Star's motion for summary judgment. Commint complained that the motion was not supported by permissible evidence. Additionally, Commint argued its claims were not compulsory counterclaims and were not barred by res judicata. On March 24, 2009, the trial court granted Quickel and Nevoda Star's motion for summary judgment. This appeal followed.

## DISCUSSION

On appeal, Commint argues the trial court erred in granting summary judgment because: (1) its claims were not compulsory counterclaims; (2) its claims were not barred by res judicata; and (3) judgment in favor of Nevoda Star was not proper because it was not a party to the Collin County suit. Commint also complains the trial court erred by failing to sustain its objections to Quickel and Nevoda Star's summary judgment evidence.

## I. Evidentiary Objections

In its response to Quickel and Nevoda Star's motion for summary judgment, Commint asserted four objections to the summary judgment evidence and repeats the same objections on appeal. The trial court did not specifically rule on Commint's objections; it only signed a broad order granting Quickel and Nevoda Star's motion. We address each of Commint's objections.

### A. Applicable Law

To be considered by the trial or reviewing court, summary judgment evidence must be presented in a form that would be admissible at trial. *See Hidalgo v. Sur. Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971). A party must object in writing to the form of summary judgment evidence and place the objection before the trial court, or its objection will be waived. *See Grand Prairie I.S.D. v. Vaughan,* 792 S.W.2d 944, 945 (Tex.1990). To complain on appeal about an objection to form, the party is required to not only object to form, but to secure a ruling on its objection by the trial court. *Hou–Tex, Inc. v. Landmark Graphics,* 26 S.W.3d 103, 112 (Tex.App.-Houston [14th Dist.] 2000, no pet.). If the record does not show the party secured any rulings on its objections, the complaint will be waived on appeal. *Id.*

### 1. Background Facts

■ Commint objects to the background facts section contained in the summary judgment motion because it was not supported by any summary judgment evidence. The background facts are a part of the summary judgment motion and are not evidence. *See Trinity Universal Ins. Co. v. Patterson,* 570 S.W.2d 475, 478 (Tex.Civ. App.-Tyler 1978, no writ) (holding summary judgment motion itself is not competent summary judgment evidence). Therefore, this objection is without merit.

### 2. Collin County Petition

■ Commint contends the Collin County petition attached to the summary judgment motion is not proper summary judgment evidence. The only basis for Commint's objection is that the petition is not "proper" summary judgment evidence. This is an objection to form. *See* Tex.R. Civ. P. 166a(f); *Jones v. Jones,* 888 S.W.2d 849, 852 (Tex.App.-Houston [1st Dist.] 1994, no writ). Because it is an objection to form and Commint failed to secure a

ruling on it, Commint has waived this objection on appeal. *See Hou–Tex,* 26 S.W.3d at 112.

### 3. Collin County Final Judgment

■ Commint also objects to the October 15, 2008 Collin County final judgment attached to the summary judgment motion. As stated above the only difference between the two judgments is that the December 11, 2008 judgment expressly denies Quickel's defamation claims. Both judgments were admitted into evidence by trial court. We do not see how the entrance of the earlier signed judgment caused Commint harm. Therefore, the trial court did not abuse its discretion in admitting this evidence.

### 4. Deposition Excerpts

■ Finally, Commint objects to the Keith Kelly deposition excerpt that was attached as evidence to the summary judgment motion. Commint contends the deposition excerpt was not properly authenticated. This is an objection to form. *See* Tex.R. Civ. P. 166a(f); *Nichols v. Lightle,* 153 S.W.3d 563, 569 (Tex.App.-Amarillo 2004, pet. denied). Commint failed to secure a ruling from the trial court on this objection; therefore, it is waived. *See Hou–Tex,* 26 S.W.3d at 112.

For the above reasons, all of Commint's objections to the summary judgment evidence are overruled.

## II. Summary Judgments

Under the traditional summary judgment standard of review, a movant has the burden to show there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and we make all reasonable inferences in his favor. *Id.* We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

The compulsory counterclaim rule and the doctrine of res judicata are affirmative defenses. Therefore, Quickel and Nevoda Star had the burden to plead and prove all elements of each of their affirmative defenses. *See Weiman v. Addicks–Fairbanks Rd. Sand Co.,* 846 S.W.2d 414, 419 (Tex.App.-Houston [14th Dist.] 1992, writ denied); Tex.R. Civ. P. 94.

### A. Summary judgment in favor of Quickel

#### 1. Compulsory Counterclaims

It has long been the policy of the courts and the legislature of this state to avoid multiplicity of lawsuits. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 246 (Tex. 1988). The need for judicial economy is acute because the dockets of our trial courts are overburdened, and litigants must wait far too long for their cases to be heard. *Id.* at 246–47. In keeping with the policy to avoid multiple lawsuits, Texas Rule of Civil Procedure 97(a), regarding compulsory counterclaims, was promulgated. *Id.* at 247. The Texas Supreme Court has adopted a six-part test for determining whether a counterclaim is compulsory rather than permissive. In *Wyatt,* the Supreme Court stated that a counterclaim is compulsory only if:

(1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

*Id.* If a claim meets these elements it must be asserted in the initial action. *Id.* A defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions. *Id.*

### 2. Analysis

Commint only contests components (2) and (4) of the Texas Supreme Court's test for compulsory counterclaims. We first address component (2).

#### a. The subject of a pending action.

■ In addressing this issue, we are confronted with an interesting question of law, which appears to be issue of first impression in Texas. The problem is the test adopted by the Texas Supreme Court results in a different outcome than a direct application of Rule 97(a). Rule 97(a) defines a "compulsory counterclaim" as:

> any claim within the jurisdiction of the court, not the subject of a pending action which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

Tex.R. Civ. P. 97(a). Rule 97(a) provides that the claim not be "the subject of a pending action which at the time of filing *the pleading* the pleader has against any opposing party", while the Court stated the claim must not be "at the time of filing *the answer* the subject of a pending action". Tex.R. Civ. P. 97(a) (emphasis added); *Wyatt,* 760 S.W.2d at 247 (emphasis added). Commint argues that according to the Texas Supreme Court's wording of the compulsory counterclaim test, their claims are not compulsory because at the time they were required to file *an answer* in Collin County, an action was already pending in Harris County—the action they filed two days after being served. However, under Rule 97(a), their Harris County claims would be barred because at the time of filing their pleading in Harris County, there was already an action pending in Collin County.

Following Commint's argument, parties could easily escape the application of the compulsory counterclaim rule by following the course of action taken by Commint. After being served with notice of the lawsuit, a party could then race to the courthouse and file a similar action against the opposing party before his answer was due in the original suit, without triggering the compulsory counterclaim rule. We conclude the Texas Supreme Court did not intend through an application of its compulsory counterclaim test, that it would create such an easy path of avoidance and thereby increase the number of lawsuits filed. Therefore, we will apply the language from Rule 97(a), regarding this component of the Supreme Court's test. Consequently, we conclude that because there was another action pending at the time Commint filed its petition in Harris County, Commint's claims are barred by this component of the compulsory counterclaim rule.

#### b. Arising out of the same transaction or occurrence.

■ Commint argues its claims were not compulsory because they did not arise

from the same transaction or occurrence as the Collin County suit. Commint focuses on the fact that the Collin County breach of contract claims arise only out of the contract regarding Clarity training; while Commint's Harris County claims span a longer time period and involve broader issues.

■ We apply a logical relationship test to determine whether counterclaims arise out of the same transaction or occurrence. *Jack H. Brown & Co. v. Nw. Sign Co.*, 718 S.W.2d 397, 400 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims. *Id.*

The facts underlying the Collin County defamation claim depend on the same facts as the claims alleged in the Harris County suit. The Collin County defamation claim alleges that from the time Quickel terminated his employment at Commint, Commint and its employees published false statements and accusations about Quickel. Quickel alleged the defamatory statements included accusations of both criminal and civil wrongs and accusations of personal dishonesty. These accusations mirror the claims alleged by Commint in the Harris County suit. In its Harris County petition, Commint alleges Quickel breached his employment contract by using trade secrets and other confidential information to begin his new company, Nevoda Star. Additionally, Commint complains Quickel made fraudulent misrepresentations to customers and employees of Commint for the benefit of Nevoda Star. Furthermore, Commint alleges Quickel made disparaging comments about Commint in order to divert business to Nevoda Star. Both the Harris County claims and the Collin County defamation claims arise from the breakdown of the employment relationship between Commint and Quickel. Therefore, the same facts or disputed facts are needed to prove and/or defend allegations in both cases. Because the same facts would be needed in both cases, we conclude the claims meet the logical relationship test. *See Jack H. Brown & Co.*, 718 S.W.2d at 399–400 (stating the purpose of logical relationship test is to prevent relitigation of the same facts).

For the reasons above, we hold Commint's Harris County claims were compulsory counterclaims that should have been brought in the Collin County action. Accordingly, we hold the trial court did not err in granting summary judgment in favor of Quickel. Furthermore, we need not address Quickel's alternate theory of defense, res judicata, because we may affirm the summary judgment if any of the theories presented to the trial court are meritorious. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex.2004). Therefore, we affirm the summary judgment granted in favor of Quickel.

**B. Summary Judgment in favor of Nevoda Star**

Commint argues the trial court erred by granting summary judgment in favor of Nevoda Star because Nevoda Star was not a party to the Collin County suit. Commint contends the claims against Nevoda Star were not compulsory in Collin County nor had they already been adjudicated in Collin County. We agree summary judgment against Nevoda Star was improper because Nevoda Star failed to meet its summary judgment burden.

■ As the summary judgment movant, Nevoda Star was required to prove all elements of its affirmative defense. *Randall's Food Mkts.*, 891 S.W.2d at 644. Nevoda Star moved for summary judgment on two different affirmative defense theories: the compulsory counterclaim

rule and the doctrine of res judicata. One element of the compulsory counterclaim rule is that the counterclaim be against an opposing party in the same capacity. *Wyatt*, 760 S.W.2d at 247. The summary judgment evidence establishes that Nevoda Star was not a party to the Collin County suit. Nevoda Star contends there is "clearly a close identity of parties" because Nevoda Star is Quickel's business entity. This is not what is required by the rule. Nevoda Star was not a party to the Collin County suit, and even if we were to view Nevoda Star as Gene Quickel, they were not sued in the same capacity. *See Community State Bank v. NSW Invs., L.L.C.*, 38 S.W.3d 256, 260 (Tex.App.-Texarkana 2001, pet. dism'd w.o.j.) (stating "capacity" as used in the context of the compulsory counterclaim rule as referring to the distinction between individual and representative capacities"). Thus, Nevoda Star failed to meet its summary judgment burden. Accordingly, summary judgment based on the compulsory counterclaim rule would not be proper. *See KPMG Peat Marwick*, 988 S.W.2d at 748.

■ To prevail on the affirmative defense of res judicata, Nevoda Star had to establish (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) subsequent action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Nevoda Star made no argument regarding identity of parties in the res judicata portion of its motion. Therefore, Nevoda Star failed to prove that it was entitled to a summary judgment as a matter of law on the affirmative defense of res judicata. *See KPMG Peat Marwick*, 988 S.W.2d at 748.

Because Nevoda Star failed to meet its burden, summary judgment was improperly granted in its favor.

CONCLUSION

We affirm the judgment in favor of Quickel. We reverse judgment in favor of Nevoda Star and remand to the trial court for further proceedings consistent with this opinion.