**Affirmed in Part, Reversed and Remanded in Part and Memorandum Opinion filed October 25, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-00540-CV
_____

**YOLANDA SANDRIA SAQUI AND ROSALINA REYES RAMIREZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF MIGUEL ANGEL BARRAGAN SANDRIA, DECEASED, Appellants**

**V.**

**PRIDE INTERNATIONAL, INC., MEXICO DRILLING LIMITED, L.L.C., PRIDE CENTRAL AMERICA, L.L.C., PRIDE CENTRAL AMERICA, L.L.C. (MEXICAN BRANCH), AND GULF OF MEXICO PERSONNEL SERVICES, S. DE R.L. DE C.V., Appellees**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-01480**

# MEMORANDUM OPINION

Appellants, Yolanda Sandria Saqui and Rosalina Reyes Ramirez, Individually and as Personal Representatives of Miguel Angel Barragan Sandria, Deceased, appeal from the trial court's granting of the motion for summary judgment filed by appellees Pride

International, Inc. ("Pride"), Mexico Drilling Limited, L.L.C. ("Mexico Drilling"), Pride Central America, L.L.C. ("PCA"), Pride Central America, L.L.C. (Mexican Branch) ("PCA-Mexico"), and Gulf of Mexico Personnel Services, S. De R.L. De C.V. ("GOMPS"). We affirm in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

PCA owns the Pride Mississippi, a mobile offshore drilling unit. In 2004, Petroleos de Mexico ("Pemex"), Mexico's national oil company, leased the Pride Mississippi from PCA in order to drill a well off the eastern coast of Mexico. Pemex controlled the well operations, and it provided the drilling crew to manage and operate the rig.

GOMPS, a Mexican corporation, supplied the maintenance crew to assist Pemex with its drilling operations and to work aboard the Pride Mississippi. The maintenance crew included Mexican nationals Christian Spinoso Sandria ("Spinoso") and Miguel Angel Barragan ("Barragan").

On September 13, 2004, crew members engaged in storm preparation measures, including tying down heavy equipment. While Barragan and Spinoso were working on tying down a heavy "burner boom," it became disconnected from the rig and fell into the water, pulling them and one other crew member overboard. Barragan and Spinoso were both killed in the incident. The Mexican Ministry of Labor and Social Security assumed jurisdiction over the accident and investigated its cause.

On September 12, 2006, appellants and Maria Luisa Saqui, individually and as the purported representative of Spinoso's estate ("Spinoso Plaintiffs") filed a lawsuit in federal district court in Galveston, Texas. Among the defendants were Pride, Mexico Drilling, PCA, PCA-Mexico, and GOMPS. Appellants and the Spinoso Plaintiffs alleged the defendants were liable for the accident under the Jones Act and General Maritime Law.

2

Appellants and the Spinoso Plaintiffs never served PCA-Mexico and GOMPS with process. Pride and Mexico Drilling filed a motion for summary judgment in which they argued they had no connection to or involvement with the operations that gave rise to the lawsuit. The federal district court eventually granted their motion and dismissed both entities with prejudice. After the federal district court granted Pride and Mexico Drilling's motion for summary judgment, only PCA remained as a defendant in the federal district court litigation.

PCA eventually filed a motion to dismiss the federal district court litigation on forum non conveniens grounds. PCA asserted that Mexico was the more appropriate jurisdiction for appellants and the Spinoso Plaintiffs' lawsuit. On February 14, 2007 the federal district court denied PCA's motion.

On January 10, 2008 the federal district court scheduled a status conference. At the conference the "Court was notified by Mr. Musslewhite and Mr. Schwartz that they, along with the other counsel of record for the Plaintiffs had been discharged by the Plaintiffs Rosalinda Reyes Ramirez, Yolanda Sandria Saqui and the Estate of Miguel Angel Barragan." Based on that, on January 22, 2008, the federal district court dismissed appellants' lawsuit without prejudice.

On July 27, 2007 PCA filed a renewed motion to dismiss for forum non conveniens. On September 29, 2008, approximately eight months after appellants had been dismissed from the federal district court litigation, the trial court granted PCA's motion and dismissed the Spinoso Plaintiffs' lawsuit without prejudice.

On April 21, 2008, once again represented by Musslewhite and Schwartz, appellants re-filed their lawsuit in state district court in Jefferson County, Texas. Appellants once again filed suit against each of the appellees. Appellants' lawsuit was eventually transferred to Harris County. After appellants' lawsuit had been transferred to

3

Harris County, appellees filed "Defendants' Motions for Summary Judgment or Alternatively, Defendant Pride Central America, LLC's Forum Non Conveniens Motion to Dismiss."

In the traditional motion for summary judgment, Pride and Mexico Drilling asserted they were entitled to summary judgment on two grounds. First, they argued appellants' claims were barred by res judicata since appellants had sued the same defendants in federal district court and both had been dismissed from the lawsuit while appellants were still parties to the federal district court litigation. Second, they argued they were entitled to summary judgment because they had no connection with any of the events underlying appellants' lawsuit. PCA-Mexico and GOMPS also asserted they were entitled to summary judgment for two reasons. First, they argued they had no connection with the events underlying appellants' lawsuit. Next, PCA-Mexico and GOMPS asserted appellants' claims against them were barred by limitations because they were never served with process in the federal district court litigation. The trial court granted summary judgment in favor of Pride, Mexico Drilling, PCA-Mexico, and GOMPS without specifying the grounds.

PCA moved for summary judgment asserting appellants' lawsuit should be dismissed pursuant to the doctrine of collateral estoppel. According to PCA, since the federal district court had previously dismissed the Spinoso Plaintiffs' lawsuit after determining Texas was an inconvenient forum, collateral estoppel barred re-litigation of that issue. The trial court granted PCA's motion solely on the basis of PCA's collateral estoppel argument.[1]

---

[1] Because the trial court granted PCA's motion for summary judgment, it did not rule on PCA's alternative forum non conveniens motion to dismiss.

4

Appellants bring four issues on appeal. In those issues, appellants challenge the granting of summary judgment in favor of PCA and the trial court's denial of their motion for continuance and motion for new trial.

## I. The Standard of Review

In a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the non-movant's favor. *Id.* at 548–49. If there is no genuine issue of material fact, summary judgment should issue as a matter of law. *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001). A defendant who conclusively negates at least one of the essential elements of a plaintiff's cause of action is entitled to a summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all of the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once a defendant establishes its right to summary judgment, the burden then shifts to the plaintiff to come forward with summary judgment evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## II. Pride, Mexico Drilling, PCA-Mexico, and GOMPS

We turn first to the trial court's granting of summary judgment in favor of Pride, Mexico Drilling, PCA-Mexico, and GOMPS. Pride, Mexico Drilling, PCA-Mexico, and

5

GOMPS moved for summary judgment on multiple grounds. The trial court granted their motion without specifying the basis for doing so. Appellants have not challenged on appeal the trial court's granting of summary judgment in favor of Pride, Mexico Drilling, PCA-Mexico, and GOMPS. Accordingly, appellants have waived any potential error, and that portion of the trial court's summary judgment is affirmed. *Jacobs v. Satterwhite*, 65 S.W.3d 653, 656–57 (Tex. 2001).

## III. PCA

We turn next to the trial court's granting of summary judgment in favor of PCA. The trial court specified it was granting PCA's motion solely on the basis of PCA's collateral estoppel argument. In its order, the trial court noted that because appellants "were in a similar factual posture (same accident, facts) as the Spinoso Plaintiffs; had the same counsel; and are related by blood — the Court finds that [appellants] are in privity with the Spinoso parties." The trial court then determined that collateral estoppel applied. As we explain below, we disagree.

The doctrine of collateral estoppel prevents re-litigation of particular issues already resolved in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). To invoke the doctrine of collateral estoppel, a party must establish that (1) the facts sought to be litigated in the current lawsuit were fully and fairly litigated in a prior action; (2) those litigated facts were essential to the judgment in the prior action; and (3) the parties were cast as adversaries in the prior action. *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990). The supreme court has determined that although this definition does not require mutuality for the invocation of collateral estoppel, it is necessary that the party against whom the plea of collateral estoppel is asserted have been a party, or in privity with a party, in that prior litigation. *Id.* Due process requires that the rule of collateral estoppel operate only against persons who have had their day in court either as a party to the prior suit or as a privy. *Benson v. Wanda Petroleum Co.*, 468

6

S.W.2d 361, 363 (Tex. 1971). There is no general definition of privity and the determination of who are privies requires a careful examination into the circumstances of each case. *Dairyland County Mut. Ins. Co. v. Childress*, 650 S.W.2d 770, 774 (Tex. 1983); *Benson*, 468 S.W.2d at 363. The word privy includes those who control an action although not parties to it, those whose interests are represented by a party to the action, and successors in interest. *Benson*, 468 S.W.2d at 363, *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800–01 (Tex. 1992); *Dairyland County Mut. Ins. Co.*, 650 S.W.2d at 774. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Benson*, 468 S.W.2d at 363. Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. *Id.*

Since the resolution of this appeal turns exclusively on the issue of whether appellants are in privity with the Spinoso Plaintiffs in the federal district court litigation, we need not concern ourselves with the first two elements of the collateral estoppel doctrine. In addition, because the trial court explicitly based its collateral estoppel determination on privity, we need not consider PCA's contention that appellants and PCA were adversaries in the federal district court action.[2] Therefore, we examine the grounds listed by the trial court in its summary judgment order.

---

[2] Even if PCA had raised a cross-issue on appeal making this argument, and we were required to address whether PCA and appellants were cast as adversaries in the federal district court litigation, we would conclude they were not. Appellants were initially plaintiffs in the federal district court litigation, but they were dismissed without prejudice on January 22, 2008. The federal district court noted in its order that "the Court was notified by Mr. Musslewhite and Mr. Schwartz that they, along with the other counsel of record for the Plaintiffs, had been discharged by [appellants]." At the time appellants were dismissed from the federal district court litigation, PCA's forum non conveniens motion had already been denied. While PCA had asked the federal district court to reconsider its forum non conveniens ruling, it had not yet done so as of January 22, 2008. In fact, the federal district court did not reverse itself and grant PCA's forum non conveniens motion until September 29, 2008, almost exactly eight months after appellants were dismissed. Therefore, at the time the federal district court granted PCA's forum non conveniens motion, we conclude appellants and PCA were no longer cast as adversaries in the federal district court litigation.

## A.     Similar Factual Posture

The trial court initially determined appellants were in privity with the Spinoso Plaintiffs because their cases presented a similar factual posture: Barragan and Spinoso were killed in the same accident.   However, the Supreme Court has addressed this issue under similar facts and determined no privity relationship existed.

In *Benson v. Wanda Petroleum Co.*, two separate lawsuits were filed against Wanda Petroleum following an automobile collision involving one of Wanda Petroleum's trucks. 468 S.W.2d at 362.   The plaintiffs in one of the lawsuits were Mrs. Benson on behalf of herself and her husband, the owners and passengers of the car hit by the Wanda Petroleum truck.   *Id.*   The plaintiff in the second lawsuit was Mr. Porter, the driver of the Benson automobile.   *Id.*   The two lawsuits were eventually consolidated.   *Id.*   When the consolidated lawsuit was called to trial, Mrs. Benson took a voluntary non-suit.   *Id.* Porter's case against Wanda Petroleum went to trial and the jury found in favor of Wanda Petroleum and against Mr. Porter.   *Id.*   The trial court entered a take-nothing judgment in favor of Wanda Petroleum.   *Id.*

Mrs. Benson re-filed her lawsuit against Wanda Petroleum.   Arguing the fact findings and judgment in the Porter lawsuit were binding on Mrs. Benson, Wanda Petroleum eventually moved for summary judgment on the basis of collateral estoppel. The trial court granted Wanda Petroleum's motion for summary judgment and the court of appeals affirmed.   *Id.*

The Supreme Court reversed.   The Supreme Court began its analysis by noting that privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts.   *Id.* at 363.   The Supreme Court continued:

8

> The suit at bar is a separate and distinct action for redress for personal injuries. Mrs. Benson was not a party to the former action instituted by the Porters following her non-suit and they did not represent her in her claims against Wanda, respondent here. It was not shown that Mrs. Benson participated in, or exercised any control over, the trial in the Porter suit, or that she had any right to do so. She was not shown to have any beneficial interest in the recovery of damages for personal injuries on behalf of the Porters. In our view, the requirements of due process compel the conclusion that a privity relationship which will support application of the rules of res judicata does not exist under these circumstances.

*Id.* at 364.

We fail to recognize, and PCA has not pointed out, any legally significant difference between the facts found in the *Benson* case and the facts present in this appeal. Like Mrs. Benson and Mr. Porter, appellants and the Spinoso Plaintiffs sought redress for personal injuries arising out of the same incident. Like Mrs. Benson, because they had been dismissed from the lawsuit, appellants were not parties to the federal district court litigation at the time the district court reversed its forum non conveniens decision. In addition, PCA has not established as a matter of law that the Spinoso Plaintiffs represented appellants' interests in the federal district court litigation. Also, PCA has not established as a matter of law that after appellants were dismissed from the federal district court litigation, they participated in, exercised any control over, or had any right to do either in the federal district court litigation. Like Wanda Petroleum before it, PCA has not established as a matter of law that appellants have any beneficial interest in any recovery by the Spinoso Plaintiffs or the reverse, the Spinoso Plaintiffs have any right to any recovery made by appellants. Because we can perceive no legally significant difference between the present case and *Benson*, we conclude the fact the two cases arise out of the same maritime accident does not establish as a matter of law that appellants and the Spinoso Plaintiffs were in privity.

9

**B.      Same Counsel**

The trial court also found that appellants and the Spinoso Plaintiffs were in privity because they were represented by the same attorneys.   However, the mere fact that appellants and the Spinoso Plaintiffs were represented by the same group of attorneys does not prove privity between them as a matter of law.   *Texas Capital Securities Management, Inc. v. Sandefer*, 80 S.W.3d 260, 267 (Tex. App.—Texarkana 2002, pet. stricken).

**C.      Related by Blood**

Finally, the trial court determined the fact that Barragan and Spinoso were cousins established appellants and the Spinoso Plaintiffs were in privity.   PCA has failed to cite to any legal authority holding that the mere fact that two persons killed in an accident were cousins establishes as a matter of law that appellants' and the Spinoso Plaintiffs were in privity.   This is especially true when it was undisputed that appellants had been dismissed from the federal district court litigation and had already re-filed their lawsuit in state district court in Jefferson County, Texas.

When a defendant moves for a traditional motion for summary judgment on an affirmative defense, it has the burden to prove all elements of the affirmative defense as a matter of law.   *See Commint Technical Service, Inc. v. Quickel*, 314 S.W.3d 646, 653–54 (Tex. App.—Houston [14th Dist.] 2010, no pet.).   We conclude PCA failed to meet its burden to prove as a matter of law that appellants and the Spinoso Plaintiffs were in privity, an essential element of PCA's collateral estoppel affirmative defense.   Since PCA did not prove each element of its collateral estoppel affirmative defense as a matter of law, we conclude the trial court erred when it granted summary judgment in favor of PCA.

10

Therefore, we sustain appellants' first issue on appeal as it relates to the summary judgment in favor of PCA.[3]

## CONCLUSION

We affirm the trial court's summary judgment in favor of Pride, Mexico Drilling, PCA-Mexico, and GOMPS.  We reverse the summary judgment in favor of PCA and remand to the trial court for further proceedings consistent with this opinion.


/s/    John S. Anderson
        Justice


Panel consists of Justices Anderson, Brown, and Christopher.

---

[3] Because we have sustained appellants' first issue, we need not address appellants' remaining issues on appeal.