**Reversed and Remanded and Majority and Dissenting Opinions filed July 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00607-CV

---

### THU BINH SI HO, Appellant

### V.

### SAIGON NATIONAL BANK, Appellee

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-08057**

---

## D I S S E N T I N G   O P I N I O N

Appellee Saigon National Bank asserts both a note claim and a claim for breach of a loan agreement. Because the statements in the summary-judgment affidavit are conclusory as to both the balance due and owing under the note and the damages resulting from the alleged breach of the loan agreement, this court should sustain appellant Thu Binh Si Ho's third issue, reverse the trial court's judgment, and remand for further proceedings.

### The Bank's Claims

No special exceptions were sustained against the bank's live petition; therefore, this court is to construe that pleading liberally in the bank's favor to include all claims that reasonably may be inferred from the language used in the petition, even if the petition does not state all the elements of the claim in question. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex. 2000). Under this liberal construction, the bank pleaded both a note claim against Ho and a claim for breach of a loan agreement. The essential elements of a note claim are: (1) there is a note; (2) the party sued signed the note; (3) the claimant is the owner and holder of the note; and (4) a certain balance is due and owing on the note. *See McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 324 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The essential elements of a claim for breach of a loan agreement are: (1) the existence of a valid loan agreement; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In its summary-judgment motion, the bank sought judgment as a matter of law on both of these claims.

In this opinion, it is presumed that (1) under a liberal construction, Ho's appellate brief contains an argument that the summary-judgment evidence does not conclusively prove all the elements of a note claim; and (2) the summary-judgment evidence does not conclusively prove that the bank is the owner and holder of the note. Even under these presumptions, the absence of conclusive proof that the bank is the owner and holder of the note would not provide a basis for reversing summary judgment as to the bank's claim for breach of the loan agreement. *See McLernon*, 347 S.W.3d at 324.

## *Summary-Judgment Evidence*

Liberally construing Ho's appellate brief, Ho complains that the summary-judgment evidence regarding the balance due and owing under the note and the bank's damages resulting from the alleged breach of the loan agreement is conclusory. In his affidavit, Patrick Siu testified that the maturity date for the loan, as amended, was June 15, 2015, that Ho defaulted on his payments, and that the note is due in full. Siu also testified that Ho has failed and refused to pay the remaining balance of the loan, which Siu states is $828,789.71—the amount of actual damages awarded in the trial court's summary judgment. Siu says nothing else about the balance under the note or the contract damages. Siu does not state the date on which this remaining balance was calculated or the date on which Ho defaulted. Nor does Siu state whether this amount includes accrued interest, attorney's fees, late charges, or other amounts other than principal. Siu does not state that any amount of interest is accruing daily. He does not state that, in calculating this amount, the bank has allowed all just and lawful offsets, payments, and credits.

The copies of the note and loan agreement (the only documents attached to Siu's affidavit) reflect a maturity date of April 21, 2010, a date long before Siu executed his affidavit in February 2013. A renewal agreement changing various terms and extending the maturity date is in our record attached to the bank's original petition, a pleading that was superseded before the trial court granted summary judgment. That agreement, according to its terms, appears to have amended the terms of the note and loan agreement. If so, that document is not attached to Siu's affidavit and is not contained in the summary-judgment evidence. In any event, it appears that some instrument or instruments amended or superseded the terms of the note and loan agreement, yet no such documents are

3

attached to Siu's affidavit or contained in the summary-judgment evidence.

### *Lack of Proof Necessary to Sustain Summary Judgment*

The summary-judgment evidence regarding the balance due and owing under the note and the bank's damages resulting from the alleged breach of the loan agreement is conclusory. Therefore, the bank did not conclusively prove all of the elements of either of these claims, and the trial court erred in granting summary judgment.[1] *See McLernon*, 347 S.W.3d at 324; *Aguiar*, 167 S.W.3d at 450. Accordingly, this court should sustain Ho's third issue, reverse the trial court's judgment, and remand for further proceedings consistent with the analysis in this dissenting opinion. Because the court does not do so, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Wise, J., majority).

---

[1] The trial court did not abuse its discretion in overruling Ho's objections to Siu's affidavit based on lack of personal knowledge and hearsay. Ho waived his objections that (1) the bank failed to authenticate the note and (2) that the affidavit was not proper summary judgment evidence because it does not prove the elements necessary for the bank to recover on a debt, inasmuch as these complaints are objections to form that Ho failed to assert in the trial court. *See Commint Tech. Servs., Inc. v. Quickel*, 314 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.).